CANINO, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title Judgment.

No. 541.—Decided February 1, 1923.

RECORD OF TITLE—DOMINION TITLE—CANCELATION—CONTRADICTORY RECORD.—In a dominion title proceeding the cancelation of a contradictory record of possession may be obtained without the necessity of resorting to the proceed-

ing established by article 393 of the Mortgage Law, provided that the interested persons who may be prejudiced by the cancelation, or their successors in interest, are summoned in the dominion title proceeding.

The facts are stated in the opinion.

*Mr. H. Torres Solá* for the appellant.

The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

On February 28, 1922, the Second District Court of San Juan adjudged dominion titles in favor of Manuel de Jesús Canino to three rural properties and ordered that they be recorded in the registry of property.

These properties were described in the judgment of the lower court under the designations of *A, B* and *C* and possessory titles to *A* and *C* are recorded in the registry in the name of Domingo Santo Domingo. The possessory title to *B* is recorded in the registry in the names of Francisco Quiñones O'Neill and Manuel de Jesús Canino in equal parts.

The properties designated by *A* and *C* were acquired, according to the judgment of the lower court, by the petitioner by purchase from the heirs or successors in interest of the persons in whose names the possessory titles are recorded in the registry. Half of the property designated by *B* was likewise acquired by him by purchase from Francisco Quiñones O'Neill and half by purchase from his heirs, and the possessory title to that property is recorded in the name of Quiñones O'Neill.

During the progress of the proceedings the lower court, at the instance of the petitioner, ordered the summoning of the heirs or successors in interest of the deceased former owners in whose names the possessory titles to the properties were recorded, and they were summoned not only as their sole and universal heirs, as appears from the judgment of the court, but also as heirs and representatives of the persons in whose names the possessory titles to the

properties were recorded. They were expressly summoned in this latter capacity to appear before the trial court to give their consent to the cancelation of the records of the possessory titles to the said properties prayed for by the petitioner and were admonished that in case of their failure to appear and oppose the said cancelation within 60 days the court would order the cancelation of the entries of possession and the recording of the dominion titles in the name of petitioner Manuel de Jesús Canino.

From the court's judgment it appears that the persons summoned did not appear within the time allowed them for objecting to the said cancelation, and the court below ordered the cancelation of the entries of possession with regard to the properties involved.

The said judgment, dated February 28, 1922, was presented in the registry of property and the registrar refused to record it for the reasons stated in the following decision:

"Record of the preceding document is denied because the possessory title records therein mentioned are in conflict with this dominion title judgment and therefore record of the latter can not be ordered in *ex parte* proceedings, but only in an adversary action in which the parties prejudiced are summoned and heard, or on their default properly established and entered. A cautionary notice for the legal period has been entered instead at page 195 of volume 55 of Río Piedras, property No. 2385, entry letter A."

Not being in accord with the registrar's decision, the petitioner took this appeal.

The registrar contends in his brief that inasmuch as the possessory title records existing in the registry are contradictory of the dominion titles sought to be recorded, they could be canceled in an *ex parte* proceeding only with the express consent of the persons in whose names they appear or their successors in interest, or as the result of an ordinary action wherein the said persons were defeated.

The registrar cites in support of his contention the case

of *Toro* v. *Registrar*, 25 P. R. R. 438, in which it was held that article 393 of the Mortgage Law is limited to possessory title proceedings and is not applicable to dominion title proceedings.

This case is very interesting and requires careful consideration, inasmuch as we can carry out the same practical purpose of article 393 without arriving at a conclusion contrary to former decisions of this court in relation to dominion title proceedings.

The rules prescribed by article 393 of the Mortgage Law with reference to possessory title proceedings were exhaustively discussed by this Supreme Court in the recent case of *Wiscovich* v. *Registrar of San Germán*, 30 P. R. R. 122, in which the fundamental principles of that statute were explained and it was held that said article 393 is an exception to articles 20 and 82 of the Mortgage Law.

The case cited refers to a possessory title judgment which, upon being presented for record in the registry, was found to be in conflict with a record of dominion title. However, the case of *Toro* v. *Registrar*, 25 P. R. R. 438, holding that article 393 is not applicable to dominion title proceedings, was incidentally cited therein. The same doctrine is defined in the cases of *Ginorio* v. *Registrar*, 2 S. P. R. 579; *Porto Rican Leaf Tobacco Co.* v. *Registrar*, 17 P. R. R. 215, and *Colón* v. *Registrar*, 24 P. R. R. 719.

If we pause to consider the said cases it may be seen that in the majority of them the persons who according to the registry could be prejudiced by the cancelation of the contradictory entry existing in the registry were not summoned. Apart from the lack of that requiriment, we agree with the general rule that the provisions of article 393 of the Mortgage Law for the regulation of possessory title proceedings are not applicable to dominion title proceedings,

but it is because they are unnecessary rather than inap·
plicable. We do not see why, without the necessity of follow-
ing the procedure prescriʳᵇd by said article 393 for poses-
sory title proceedings. and within the usual procedure of·
dominion title proceedings, there should be any difficulty in
obtaining the cancelation of a contradictory entry of pos-:
session if the interested persons who might be prejudiced
by the cancelation, or their successors in interest, were sum-
moned.

A dominion title proceeding demands more formalities
than a possessory title proceeding and it would be some-:
what abnormal if in a possessory title proceeding the cancel--
ation of any contradictory entry existing in the registry.
could be obtained and, on the contrary, in a dominion title
proceeding in which the interested persons are summoned
the cancelation of an entry of possession contradictory to the
dominion title proved and decreed by a competent court could
not be obtained. A dominion title proceeding is a special
proceeding wherein a petition is filed referring to the manner
in which the property had been acquired; evidence is of-
ferred and examined for a period of 60 days; the person
from whom the property was acquired, or his successor in
interest, is summoned, and the unknown persons who may
be prejudiced by the record sought are summoned by publi-
cation. These formalities, or the due process of law es-
tablished by them, make of a dominion title proceeding an
adversary action rather than an *ex parte* proceeding. A
possessory title proceeding may be carried through in one
day and besides the requirements which the petition should
contain, the testimony of two or more witnesses and proof
of the payment of the taxes, only the adjoining owners
are required to be summoned. It is rather an *ex parte*
proceeding than an adversary action, and now this question
may be propounded: If in a possessory title proceeding;

in compliance with the provisions of article 393, all contradictory entries of possession or dominion existing in the registry may be canceled, would it not be possible to do the same in a dominion title proceeding, especially when the contradictory entry is one of possession? The answer must be in the affirmative and our position is that without conflicting with the cited decisions of this Supreme Court, in dominion title proceedings it is not required to follow the rules prescribed by article 393, because they are unnecessary, inasmuch as the said proceeding has its own rules and its independent procedure for attaining the same end of canceling contradictory entries, as an exception to articles 20 and 82 of the Mortgage Law and under the same theory developed by Moreda Martínez with regard to possessory title proceedings and quoted in the case of *Wiscovich* v. *Registrar of San Germán, supra.*

In commenting on the recent Mortgage Law in force in Spain where within a dominion title proceeding contradictory entries of possession may be canceled, Morell distinguishes between persons interested in the entry in the registry accordingly as they may be classified as owners or possessors, and at page 540 of volume 5 he says:

"If the contradictory entry is one of possession it will be sufficient to summon the person whose title is recorded. This fact appearing from the copy presented in the registry, the registrar shall make the record, canceling the entry of possession, whether it is in the name of private persons or of the State, because the title established is one of dominion which is paramount to that of possession and because the possessor can bring against the alleged owner the corresponding declaratory action.

"If the contradictory entry is one *of dominion,* the registrar shall not make the record until it appears that the person whose title is recorded in the registry has been actually heard, not merely summoned, and either has given his consent or his objections have been overruled. Failing such requisite, the existing entry of do-

minion must be respected, and then the burden is on the petitioner in the proceeding to bring the corresponding adversary action to defeat the recorded title.    *   *   * ''

The distinction referred to is of great importance in the decision of this case.   The consequence is that the registrars must refuse to record a dominion title judgment if there exists in the registry an entry of dominion or possession contradictory thereto, whenever the perons interested according to the registry, or their successors in interest, in the first case, have not been heard, and, in the second case, have not been summoned according to law.   The difference is that the entry being one of dominion, it is not sufficient for the purpose of obtaining its cancelation to summon the interested persons, but it is indispensable also that they be heard and either consent or their objections are overruled.   When the entry is one of possession it will suffice to summon them in proper form and they need not appear and give their consent, for the essential thing is that they have knowledge of the dominion title proceedings so that they may oppose the cancelation if they so elect.

In this case we have an entry of possession which is in conflict with a dominion title judgment.   In the proceedings the interested persons who might be prejudiced by the cancelation ordered by the court were duly summoned; therefore, the cancelation should be made as decreed by the court and the dominion title judgment in question should be recorded.

The decision must be

*Reversed.*

Justices Wolf and Hutchison concurred.

Chief Justice Del Toro and Justice Aldrey dissented.